IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO. **15-12066-BB**

TYLER B. KASPERS, ESQ.,

Plaintiff/Appellant,

v.

COMCAST CORPORATION

Defendant/Appellee.

_____

ON APEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

L.T. CASE NO. 1:12-CV-01397-JONES

_____

**BRIEF OF APPELLEE, COMCAST CORPORATION**

WHITE & CASE LLP
Jaime A. Bianchi
Florida Bar No. 908533
David P. Draigh
Florida Bar No. 624268
Sheldon A. Philp
Florida Bar No. 020123
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131-2352
Telephone: (305) 371-2700
Facsimile:  (305) 358-5744

*Attorneys for Defendant/Appellee*
*Comcast Corporation*

*Tyler Kaspers, Esq. v. Comcast Corporation*                    Case No. 15-12066-BB

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

Undersigned counsel hereby certifies that there are no persons and entities, not included in Appellant's Certificate of Interested Persons, who have an interest in the outcome of this case.

/s/ Sheldon A. Philp
Sheldon A. Philp

*Attorney for Defendant/Appellee*
*Comcast Corporation*

*Tyler Kaspers, Esq. v. Comcast Corporation*                    Case No. 15-12066-BB

## CORPORATE DISCLOSURE STATEMENT

As required by Federal Rule of Appellate Procedure 26.1 and Eleventh

Circuit Rules 26.1-1 through 26.1-3, Comcast Corporation's nongovernmental

corporate party disclosure is that it is a Pennsylvania corporation that is not a

subsidiary of any other corporation.  Comcast Corporation is publicly traded on the

NASDAQ National Market under the symbols "CMCSA" and "CMCSK."

/s/ Sheldon A. Philp
Sheldon A. Philp

*Attorney for Defendant/Appellee*
*Comcast Corporation*

C-2 of 2

*Tyler Kaspers, Esq. v. Comcast Corporation*                    Case No. 15-12066-BB

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Comcast believes that oral argument is unnecessary.

*Tyler Kaspers, Esq. v. Comcast Corporation*                    Case No. 15-12066-BB

## TABLE OF CONTENTS

**PAGE**

CERTIFICATE OF INTERESTED PERSONS ................................................C-1

CORPORATE DISCLOSURE STATEMENT .................................................C-2

STATEMENT REGARDING ORAL ARGUMENT ........................................ i

TABLE OF CONTENTS....................................................................................ii

TABLE OF AUTHORITIES .............................................................................iii

STATEMENT OF THE ISSUES.........................................................................1

STATEMENT OF THE CASE.............................................................................1

I.      Course of Proceedings and Disposition in the Court Below ......................1

II.     Statement of Facts.........................................................................................3

III.    Standard of Review.......................................................................................6

SUMMARY OF THE ARGUMENT ...................................................................6

ARGUMENT AND CITATIONS OF AUTHORITY ..........................................8

I.      THE STAY ORDER CORRECTLY COMPELLED INDIVIDUAL
        ARBITRATION AND STAYED THE ACTION; KASPERS' ISSUE
        ON APPEAL IS NOT PROPERLY BEFORE THIS COURT BECAUSE
        IT WAS NOT RAISED OR DECIDED BELOW ......................................8

II.     THE DISTRICT COURT CORRECTLY DISMISSED KASPERS'
        LAWSUIT AFTER HIS ARBITRATION WAS COMPLETED.............18

CONCLUSION ..................................................................................................19

CERTIFICATE OF COMPLIANCE..................................................................21

CERTIFICATE OF SERVICE ..........................................................................21

*Tyler Kaspers, Esq. v. Comcast Corporation*                    Case No. 15-12066-BB

# TABLE OF AUTHORITIES

## CASES

*Abdullahi v. Bank of Am., NA,*
    549 F. App'x 864 (11th Cir. 2013) ....................................................................... 11

\* *Am. Express Co. v. Italian Colors Rest.*,
    133 S. Ct. 2304 (2013) ...................................................................................... 9, 16

\* *AT&T Mobility LLC v. Concepcion*,
    131 S. Ct. 1740 (2011) ................................................................................ 9, 15, 16

*Bridgepoint Ventures, LLC v. Panam Mgmt. Grp., Inc.*,
    524 F. App'x 553 (11th Cir. 2013) ..................................................................... 13

\* *Cruz v. Cingular Wireless*, *LLC*,
    648 F.3d 1205 (11th Cir. 2011) .................................................................. 6, 9, 15

*Dale v. Comcast Corp.*,
    498 F.3d 1216 (11th Cir. 2007) .......................................................................... 15

*Emp'rs Ins. of Wausau v. Bright Metal Specialties, Inc.*,
    251 F.3d 1316 (11th Cir. 2001) ............................................................................ 6

*Freecharm Ltd. v. Atlas Wealth Holdings Corp.*,
    499 F. App'x 941 (11th Cir. 2012) ..................................................................... 14

\* *Gonsalvez v. Celebrity Cruises Inc.*,
    750 F.3d 1195 (11th Cir. 2013), *cert. denied,* 135 S. Ct. 58 (2014) ................... 13

*Gordon v. Crown Cent. Petroleum Corp.*,
    423 F. Supp. 58 (N.D. Ga. 1976) *aff'd*, 564 F.2d 413 (5th Cir. 1977) ................ 10

*Green v. SuperShuttle Int'l, Inc.*,
    653 F.3d 766 (8th Cir. 2011) .............................................................................. 17

\* *Greenblatt v. Drexel Burnham Lambert, Inc.*,
    763 F.2d 1352 (11th Cir. 1985) .......................................................................... 13

*In re Checking Account Overdraft Litig. MDL No. 2036*,
    459 F. App'x 855 (11th Cir. 2012) ..................................................................... 17

iii

Tyler Kaspers, Esq. v. Comcast Corporation                    Case No. 15-12066-BB

*Johnmohammadi v. Bloomingdale's, Inc.*,
   755 F.3d 1072 (9th Cir. 2014) ............................................................ 17

*Juris v. Inamed Corp.*,
   685 F.3d 1294 (11th Cir. 2012) .......................................................... 11

*Kaneff v. Del. Title Loans, Inc.*,
   587 F.3d 616 (3d Cir. 2009) ............................................................... 17

*Multi-Fin. Sec. Corp. v. King*,
   386 F.3d 1364 (11th Cir. 2004) ............................................................ 6

* *Overstreet v. Contigroup Cos., Inc.*,
   462 F.3d 409 (5th Cir. 2006) .............................................................. 10

*Pendergast v. Sprint Nextel Corp.*,
   691 F.3d 1224 (11th Cir. 2012) .......................................................... 15

*Vega v. T-Mobile USA, Inc.*,
   564 F.3d 1256 (11th Cir. 2009) .......................................................... 18

* *Walthour v. Chipio Windshield Repair, LLC*,
   745 F.3d 1326 (11th Cir. 2014) ............................................................ 9

*William J. Cooney, P.C. v. Rowland*,
   524 S.E.2d 730 (Ga. Ct. App. 1999) .................................................... 10

## STATUTES AND OTHER AUTHORITY

9 U.S.C. § 12 ........................................................................................ 13

## OTHER AUTHORITIES

Federal Rule of Civil Procedure 23 .................................................. 16, 17

*Tyler Kaspers, Esq. v. Comcast Corporation*                    Case No. 15-12066-BB

## STATEMENT OF THE ISSUES

Comcast restates the two issues raised in the initial brief as follows:

1.      Whether the District Court, in its February 26, 2013, interlocutory order, in which it found that Kaspers agreed to resolve disputes with Comcast through binding arbitration on an individual basis, correctly granted Comcast's motion to compel individual arbitration of Kaspers' claims and to stay this action.

2.      Whether the District Court, in its April 9, 2015, final order after Kaspers' individual claims were arbitrated and the arbitral award was satisfied, (i) properly denied Kaspers' motion to remove the stay to pursue the case as a class action, which he filed even though the District Court had already found that he agreed not to pursue any class claims in any forum and that the class-action waiver was not unconscionable; and (ii) correctly dismissed the lawsuit.

## STATEMENT OF THE CASE

### I.      Course of Proceedings and Disposition in the Court Below

Kaspers, a Georgia-licensed attorney who appears *pro se*, filed a class action complaint in Georgia state court.  (Tab C.)  Because there was diversity jurisdiction under the Class Action Fairness Act ("CAFA"), Comcast removed the case to the District Court, (Tab D at 6), and moved to compel arbitration of Kaspers' claims under the Federal Arbitration Act ("FAA").  (Tab F.)  On February 26, 2013, the District Court entered the first of two orders on appeal,

*Tyler Kaspers, Esq. v. Comcast Corporation*                Case No. 15-12066-BB

finding that Kaspers entered a valid agreement to arbitrate any claims against

Comcast on an individual basis, and agreed not to pursue class claims in any forum

(the "Stay Order").  (Tab H).  Accordingly, the District Court enforced the parties'

arbitration agreement as written, granted Comcast's motion to compel individual

arbitration of Kaspers' claims and stayed the action.  (Tab H).

The American Arbitration Association ("AAA") accepted administration of

the arbitration and Kaspers' claims were arbitrated under its Consumer Arbitration

provisions.  (Tab K at 2).  On July 10, 2014, the arbitrator issued a final award,

finding in Comcast's favor on eight of Kaspers' 11 counts and awarding him total

damages of $1,233.52 on the other three.  (Tab O at 12).

Kaspers did not contest the arbitration award or any of the arbitrator's

interim orders.  Rather, he moved the District Court to remove the stay so that he

could return to the District Court to pursue class claims against Comcast.  (Tab P).

In its April 9, 2015, Order (the "Dismissal Order"), the District Court ruled that it

had already ordered that Kaspers' "claims were subject to individual arbitration

under the agreement [Kaspers] executed with" Comcast and that the agreement's

prohibition on class claims is valid and enforceable, and noted that Kaspers' claims

had been fully resolved in arbitration.  (Tab S at 1-2).  The District Court found

that Kaspers had no support for his "argu[ment], again, that the class action waiver

contained in the arbitration agreement between the parties is inapplicable to this

*Tyler Kaspers, Esq. v. Comcast Corporation*  Case No. 15-12066-BB

matter," (*id.* at 2), denied Kaspers' motion and dismissed the action with prejudice. (*Id.* at 3).

## II.    Statement of Facts

Comcast markets and sells cable television and internet services in the United States.  (Tab H at 1).  Kaspers concedes that he agreed to the Comcast Agreement for Residential Services ("Subscriber Agreement") (Tab G at 5, 22), including its binding arbitration provision (the "Arbitration Provision"), which provides that the parties must resolve any dispute "in accordance with the terms of this Arbitration Provision rather than litigate the [d]ispute in court."  (Tab D, D.E. 793-2 at 19; Tab O at 1, 3).  As the District Court found, the Arbitration Provision prohibits claims from being arbitrated or litigated on a class-wide basis.  (Tab D, D.E. 793-2 at 20; Tab H at 2).  And Kaspers initially submitted all of his claims to the AAA under the Arbitration Provision.  (Tab C at ¶ 25).

Notwithstanding the Arbitration Provision, Kaspers filed a class-action complaint alleging that Comcast maliciously and fraudulently failed to provide cable television and internet services, that Comcast's arbitration provision is fraudulent, and that Comcast had damaged his property.  (Tab C).  Comcast removed the case to the District Court (Tab D) and moved to compel arbitration of Kaspers' claims.  (Tab F).  The District Court granted Comcast's motion, finding that Kaspers agreed to arbitrate "any dispute, claim or controversy" with Comcast

and that all of his claims "arise out of" Comcast's provision of cable services under the Subscriber Agreement. (Tab H at 13). The District Court also ruled that the class-action waiver is not unconscionable, because "[r]equiring the availability of classwide arbitration interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with the [FAA]." (*Id.* at 12 n.7).

Kaspers then reinitiated arbitration with the AAA, which accepted administration under its Consumer Arbitration provisions. (Tab K at 2). Kaspers argued that he was entitled to declaratory and injunctive relief declaring the Arbitration Provision unenforceable because the AAA had earlier taken the position that it would not administer Comcast arbitrations unless Comcast modified the Arbitration Provision. (Supp. App. Tab A at 10, 12-13). The Arbitrator rejected that argument, explaining that the "AAA has made clear at this point that this matter is proceeding under its Consumer Arbitration provisions. Consequently, the Arbitrator finds that the issue of the AAA's initial comments to Comcast questioning whether the language of the subject agreement met the AAA requirements for a Consumer Arbitration matter is moot." (Tab K at 2). The arbitrator also ruled that, "[p]ursuant to the direction of the District Court," Kaspers' declaratory judgment and injunctive relief counts—which demanded that Comcast change its Arbitration Provision for other customers—are not arbitrable

*Tyler Kaspers, Esq. v. Comcast Corporation*                                    Case No. 15-12066-BB

because they do not inure to Kaspers' benefit individually and therefore "are not

individual claims." (Tab K at 2).

The arbitration lasted two days, during which six witnesses testified and

over 40 exhibits were admitted. (Tab O at 2; Supp. App. Tabs B and C). The

arbitrator found that the "parties had a full opportunity to present their evidence

and to argue their cases at the hearing in this matter." (Tab O at 4). The arbitrator

issued a final award (the "Award") on July 10, 2014, awarding Kaspers $250 on

his property damage claim and $983.52 on his claims for breach of contract and

unjust enrichment, for a total of $1,233.52 "in full settlement of all claims

submitted to this Arbitration." (Tab O at 12-13). The arbitrator also ordered

Comcast to reimburse Kaspers for $200.00 in administrative fees. (*Id.* at 12).

Kaspers has cashed Comcast's check for $1,433.52, and the Award has been fully

satisfied. (Tab Q at 5).

The arbitrator found in Comcast's favor on Kaspers' eight other claims—

including the same claims that Kaspers is now attempting to reassert as class

claims in the District Court. For example, Kaspers claimed in the arbitration that

Comcast "defrauded" him by entering into an arbitration agreement that it knew

the AAA would not enforce, and by intentionally failing to address his service

issues in violation of the Georgia Fair Business Practices Act ("GFBPA"). (Tab I

at 1) (incorporating allegations in Amended Complaint, Tab C). However, the

*Tyler Kaspers, Esq. v. Comcast Corporation*                    Case No. 15-12066-BB

arbitrator found that "there is no evidence that [Comcast's] inability to provide services to [Kaspers], or its communications after the fact relative to the billing and arbitration issues were sufficient to trigger the GFBPA. . . .  The Arbitrator finds that . . . there were no unfair or deceptive acts on the part of [Comcast]."  (Tab O at 5).  Thus, the arbitrator found that Kaspers "failed to carry his burden of proof as to the fraud claims."  (*Id.* at 7).

## III.    Standard of Review

Orders compelling arbitration and dismissing an action are reviewed *de novo*.  *See Cruz v. Cingular Wireless*, *LLC*, 648 F.3d 1205, 1210 (11th Cir. 2011); *Emp'rs Ins. of Wausau v. Bright Metal Specialties, Inc.*, 251 F.3d 1316, 1321 (11th Cir. 2001).  But the District Court's factual findings are reviewed for clear error. *See Multi-Fin. Sec. Corp. v. King*, 386 F.3d 1364, 1366 (11th Cir. 2004) ("This Court reviews *de novo* questions of law, such as a district court's interpretation of an agreement to arbitrate (and whether it binds the parties to arbitrate), but accepts the district court's findings of fact that are not clearly erroneous.").

## <u>SUMMARY OF THE ARGUMENT</u>

The District Court properly compelled individual arbitration of Kaspers' claims and stayed the action.  The District Court found that Kaspers and Comcast were parties to a written arbitration agreement, that Kaspers' claims fell within the broad scope of that agreement, and that the agreement, as written, validly

*Tyler Kaspers, Esq. v. Comcast Corporation*                    Case No. 15-12066-BB

prohibited Kaspers from arbitrating or litigating any claims on a class basis.

Kaspers does not appeal any of those rulings, and the District Court's enforcement

of the Arbitration Provision as written is supported by numerous recent

decisions—none of which Kaspers even acknowledges—both from this Court and

from the United States Supreme Court.  Rather, Kaspers' only issue on appeal of

the Stay Order is that the District Court erroneously upheld the Arbitration

Provision "'*as applied* (as opposed to on its face)" (Br. at 2) (Kaspers' emphasis).

But that issue is not properly before this Court because it was not raised or decided

by the District Court.  The issue the District Court decided—whether the

Arbitration Provision is valid and enforceable—is a contract law issue that is

determined based on the express terms of the contract at the time it is made, not by

how it is "applied" over time.  Kaspers provides no authority for the proposition

that there is a contract-law analogue to the distinction between "facial" and "as

applied" constitutional challenges to government action.  The February 26, 2013

Stay Order should be affirmed.

        The District Court also correctly denied Kaspers' motion, made after

completion of the parties' AAA arbitration, to remove the stay so that he can

pursue class claims.  Kaspers argues that the District Court ruled that he lacked

"standing" to assert class claims after he completed individual arbitration, and

should have measured standing instead as of the date he filed his initial complaint.

But the District Court did not rule that Kaspers "lost" his standing to bring class claims. Rather, the District Court found that it had already ruled, in the Stay Order, that Kaspers had agreed not to pursue class claims in any forum. Thus Kaspers, whose individual claims had been heard in arbitration and whose arbitral award had been satisfied, has no claims left, and there was nothing left for the District Court to do but dismiss the action with prejudice. The Dismissal Order should be affirmed.

## ARGUMENT AND CITATIONS OF AUTHORITY

As we show below, (I) the Stay Order, based on Kaspers' agreement to waive his ability to pursue class claims in any forum, correctly compelled individual arbitration of Kaspers' claims and stayed the action; and (II) the Dismissal Order correctly denied Kaspers' motion to remove the stay so that he could pursue class claims, and correctly dismissed this action with prejudice.

## I.    THE STAY ORDER CORRECTLY COMPELLED INDIVIDUAL ARBITRATION AND STAYED THE ACTION; KASPERS' ISSUE ON APPEAL IS NOT PROPERLY BEFORE THIS COURT BECAUSE IT WAS NOT RAISED OR DECIDED BELOW

In its February 26, 2013, Stay Order, the District Court found that the parties entered into a written arbitration agreement and that all of Kaspers' claims are subject to arbitration under the broad scope of that agreement. (Tab H at 7-8). The District Court found that Kaspers agreed only to individual arbitration, and to waive any right to pursue any claim in any forum on a class basis. (*Id.*). Indeed,

the District Court rejected Kaspers' argument that the Arbitration Provision's

class-action waiver is unconscionable, ruling that "[r]equiring the availability of

classwide arbitration interferes with fundamental attributes of arbitration and thus

creates a scheme inconsistent with the FAA."  (*Id.* at 10-12, n.7 (quoting *AT&T*

*Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1748 (2011)).  Thus, the District

Court ruled that the FAA mandated enforcement of the Arbitration Provision *as*

*written*, and correctly granted Comcast's motion to compel arbitration and to stay

the action pending arbitration.  (Tab H at 13).  *See also*, *e.g.*, *Walthour v. Chipio*

*Windshield Repair, LLC*, 745 F.3d 1326, 1330 (11th Cir. 2014) ("The FAA,

standing alone, requires enforcement of the Arbitration Agreements according to

their terms, which, in this case, means individual, not collective, arbitration."); *Am.*

*Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2309 (2013) ("courts must

'rigorously enforce' arbitration agreements according to their terms, . . . including

terms that 'specify *with whom* [the parties] choose to arbitrate") (citations omitted;

emphasis and alteration in original); *Concepcion*, 131 S. Ct. at 1745 (same); *Cruz*,

648 F.3d at 1210 (same).

    Kaspers does not challenge any of those rulings.  He does not appeal the

District Court's findings that he agreed to arbitrate, that he agreed only to

individual arbitration, or that the Arbitration Provision, as written, is not

unconscionable.  Kaspers challenges the Arbitration Provision not as written but

*Tyler Kaspers, Esq. v. Comcast Corporation*                                    Case No. 15-12066-BB

"as applied"; he states the issue on appeal as "Whether the District Court erroneously held, in its February 26, 2013, Order [the Stay Order], that Comcast's [Arbitration Provision], *as applied* (as opposed to on its face), is neither unconscionable nor violative of public policy."  (Br. at 2) (Kaspers' emphasis). That issue is not before this Court because it was not raised or decided below.

Indeed, the District Court did not evaluate the Arbitration Provision "as applied."  Nor did it have any reason to.  Kaspers did not make, and the District Court was not evaluating, any constitutional claim.  The issue before it—whether the Arbitration Provision is valid and enforceable—is an issue of contract law that is decided based on the express terms of the contract at the time it is made, not by evaluating how a contract is performed over time.  *See*, *e.g.*, *Gordon v. Crown Cent. Petroleum Corp.*, 423 F. Supp. 58, 61 (N.D. Ga. 1976) *aff'd*, 564 F.2d 413 (5th Cir. 1977) ("In testing reasonableness or fairness, the terms of the contract must be examined in 'light of the circumstances existing when the contract was made.'"); *Overstreet v. Contigroup Cos., Inc.*, 462 F.3d 409, 412 (5th Cir. 2006) ("It is well-established under Georgia law that unconscionability is analyzed by looking to 'the *circumstances existing at the time the contract was made, rather than those existing ... later.*'") (emphasis in original); *William J. Cooney, P.C. v. Rowland*, 524 S.E.2d 730, 733 (Ga. Ct. App. 1999) ("[U]nconscionability is determined based on the circumstances existing at the time the contract was made,

*Tyler Kaspers, Esq. v. Comcast Corporation*                              Case No. 15-12066-BB

rather than those existing years later, when one party seeks to enforce the terms of the agreement.").

The concept Kaspers seems to be invoking—between "as applied" and "facial" challenges to government action as a matter of constitutional law—has no analogue in contract law and he offers no authority for it.  In short, the sole issue that Kaspers raises on appeal of the Stay Order was not even considered by the District Court, and is not properly before this Court.  *See*, *e.g.*, *Juris v. Inamed Corp.*, 685 F.3d 1294, 1325 (11th Cir. 2012) ("[I]f a party hopes to preserve a claim, argument, theory, or defense on appeal, [it] must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it."); *Abdullahi v. Bank of Am., NA*, 549 F. App'x 864, 867 n.5 (11th Cir. 2013) ("Because this argument was presented for the first time on appeal, it is waived.").

Kaspers' remaining arguments also were not raised or decided below.  Nor do they have any merit.

First, Kaspers' assertion that the District Court erred in enforcing the Arbitration Provision because the AAA "has determined that Comcast's arbitration provision violates its customers' rights to due process" (Br. at 30) is deficient for several reasons.  As an initial matter, Kaspers never made a due-process challenge to the Subscriber Agreement or Arbitration Provision, and the District Court did

*Tyler Kaspers, Esq. v. Comcast Corporation*                    Case No. 15-12066-BB

not make any due-process ruling.  So there is no ruling on this issue to appeal

from.  Further, the AAA did not determine that the Arbitration Provision is

unenforceable.  Indeed, the AAA has made clear that its review of a consumer

arbitration clause "is only an administrative determination by the AAA and cannot

be relied upon or construed as a legal opinion or advice regarding the

enforceability of the arbitration clause."  Rule R-12, Consumer Arbitration Rules.

More problematic for Kaspers is the arbitrator's ruling specifically rejecting this

contention.  The arbitrator found that, because the AAA accepted administration of

this case, "the issue of the AAA's initial comments to Comcast questioning

whether the language of the subject agreement met the AAA requirements for a

Consumer Arbitration matter is moot."  (Tab K at 2).

    Second, Kaspers complains of the "arduous process" he had to undertake in

order to conduct his arbitration.  (Br. at 32-41).  Although some of these arguments

were made to the District Court, the District Court found that, although "Comcast

should have been more responsive to Plaintiff regarding his arbitration claim

submitted with AAA, . . . Plaintiff should have attempted to communicate with

Comcast about finding a replacement arbitrator."  (Tab H at 9).  Kaspers complains

about those findings (*see* Br. at 37), but he does not argue, or cite any authority for

the proposition that they were clearly erroneous.  And Kaspers' principal argument

is that the process was arduous *after* the District Court entered the stay order (*see*

*Tyler Kaspers, Esq. v. Comcast Corporation*                                    Case No. 15-12066-BB

Br. at 35-39).  None of those circumstances, of course, could have been raised to or decided by the District Court, and Kaspers' argument was *rejected* by the arbitrator.  Indeed, the arbitrator determined that the delay in resolving Kaspers' claims was due to miscommunications between the parties (*see* Tab O at 3), and Kaspers' "difficulty determining how to commence an arbitration of the issues he had with [Comcast], as permitted by the Agreement."  (*Id.* at 4).  Kaspers never challenged the arbitrator's findings, and the three-month period to contest the arbitration award under the FAA expired on October 10, 2014.  *See Gonsalvez v. Celebrity Cruises Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013), *cert. denied,* 135 S. Ct. 58 (2014) (holding that the FAA's statute of limitations barred motion to vacate arbitration award that was not brought within three months after the award was filed or delivered) (citing 9 U.S.C. § 12); *Bridgepoint Ventures, LLC v. Panam Mgmt. Grp., Inc.*, 524 F. App'x 553, 554 (11th Cir. 2013) (same).

The arbitrator also ruled that the "parties had a full opportunity to present their evidence and to argue their cases at the hearing in this matter" (Tab O at 4), and therefore the findings in the arbitrator's award are also preclusive.  *See Greenblatt v. Drexel Burnham Lambert, Inc.*, 763 F.2d 1352, 1360 (11th Cir. 1985) ("When an arbitration proceeding affords basic elements of adjudicatory procedure, such as an opportunity for presentation of evidence, the determination of issues in an arbitration proceeding should generally be treated as conclusive in

subsequent determinations, just as determinations of a court would be treated."); *Freecharm Ltd. v. Atlas Wealth Holdings Corp.*, 499 F. App'x 941, 944-45 (11th Cir. 2012) (holding that arbitration award has preclusive effect to bar relitigation of issues in subsequent litigation). Kaspers' conclusion to this argument—that "this case should be remanded for a further examination of the reasonableness of Comcast's residential service agreement, as that agreement is actually applied (as opposed to reading the language of the agreement and assuming that Comcast fulfills/fulfilled/will fulfill its obligations thereunder)" (Br. at 40-41)—makes it clear again that he is not challenging the Arbitration Provision as written. Thus, he cannot be challenging the Stay Order, which, as shown above, correctly evaluated the validity of the Arbitration Provision as written.

Third, Kaspers argues that the Arbitration Provision is "otherwise unreasonable" based on testimony adduced at the arbitration. (*Id.* at 41). For example, he argues that the testimony of Comcast's witnesses shows that its billing practices are "deceitful," and that those witnesses' lack of knowledge of the arbitral process—such as not knowing how many customers have arbitrated a dispute with Comcast—proves that the arbitration process is a "farce intended to defraud the American public." (*Id.* at 41-42). None of Kaspers' cited "evidence" is actually in the record. They are citations to his argument to remove the stay. *See id.* at 41-43 (citing Tab R at 3-5). In any event, none of these issues were

presented to or decided by the District Court in the Stay Order.  Kaspers also

ignores the arbitrator's preclusive findings that there was no evidence to support

Kaspers' fraud and fraudulent inducement claims.  This Court, too, has rejected the

argument that a consumer service arbitration agreement should be found

unenforceable based on evidence showing an "infinitesimal" percentage of

customers elected to arbitrate because the "evidence goes only to substantiating the

very public policy arguments that were expressly rejected by the Supreme Court in

*Concepcion*." *Cruz*, 648 F.3d at 1214.  *See also Pendergast v. Sprint Nextel Corp.*,

691 F.3d 1224, 1234-35 (11th Cir. 2012) (holding that *Concepcion* foreclosed

plaintiff's argument that "the class action waiver precludes him and other Sprint

customers from obtaining meaningful relief because their claims cannot, as a

practical matter, be pursued individually").

    With regard to the one case he cites in over 23 pages of argument, *Dale v.

Comcast Corp.*, 498 F.3d 1216 (11th Cir. 2007) (*see* Br. at 29-52), Kaspers' claim

is that the Stay Order "relied solely on the plain face of the language of the

arbitration policy, without any findings of fact regarding the factors outlined in

*Dale*, such as 'the fairness of the provisions, the cost to an individual plaintiff [of]

vindicating the claim when compared to the plaintiff's potential recovery, [or] the

ability to recover attorneys' fees and other costs and thus obtain legal

representation to prosecute the underlying claim."  (Br. at 44 (quoting *Dale*, 498

*Tyler Kaspers, Esq. v. Comcast Corporation*                    Case No. 15-12066-BB

F.3d at 1224)).  But the Supreme Court has expressly rejected that argument,

holding that a class-action waiver in an arbitration agreement is not invalidated by

a showing that plaintiffs "have no economic incentive to pursue their [] claims

individually in arbitration," and that a federal court should not determine such

issues "before [determining whether] a plaintiff can be held to contractually agreed

bilateral arbitration." *See Italian Colors*, 133 S. Ct. at 2310, 2312.  Kaspers also

ignores *Concepcion*—even though Comcast raised it repeatedly below and it is

cited in the Stay Order itself—which likewise disposes of the argument.  *See*

*Concepcion*, 131 S. Ct. at 1753.

Fourth, Kaspers argues that "Comcast has admitted there is a readily

discernible class whose rights could be affected by [Kaspers'] claims," (Br. at 45)

and has further admitted that the putative class meets Rule 23's numerosity,

commonality and typicality requirements.  (*Id.* at 47-48).  But the requirements of

Rule 23 are irrelevant to the issues before the Court in this appeal, and Comcast

made no such admissions:  Kaspers' argument relies on Comcast's notice of

removal, which merely quotes the allegations of the complaint to show that

Kaspers purported to plead a class action.  (*See id.*).  Kaspers also argues that, "at

the very least, [he] should have been provided the opportunity by the District Court

to present an argument supporting class certification pursuant to Fed. R. Civ. P.

23" before it compelled individual arbitration.  (*Id.* at 50; *see also id.* at 27).  But

16

Kaspers has no authority for the non-sensical proposition that a court should hold a hearing on class certification before determining whether the parties have entered into an agreement that waives the ability to bring class claims in the first place.

Finally, again without citation, Kaspers argues that "Comcast's position frustrates the purpose of the Class Action Fairness Act" and condemns Comcast's "gamesmanship" in removing this action to federal court under CAFA but then moving to compel individual arbitration, because Comcast cannot use a statute with "Class Action" in its title to prevent plaintiff from litigating a class action. (Br. at 50-51; *id.* at 35 n.9).  Kaspers misunderstands that CAFA applies to actions *pled* as class actions; it does not guarantee the availability of class-action procedures or remedies, and actions removed to federal court under CAFA frequently have been compelled to individual arbitration.  *See*, *e.g.*, *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1073-74, 1077 (9th Cir. 2014); *In re Checking Account Overdraft Litig. MDL No. 2036*, 459 F. App'x 855, 856-57 (11th Cir. 2012); *Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 767-69 (8th Cir. 2011); *Kaneff v. Del. Title Loans, Inc.*, 587 F.3d 616, 619-620 (3d Cir. 2009).  Indeed, CAFA is an expansion of federal diversity jurisdiction, and "[c]urrent law (that [CAFA] does not alter) is also clear that, once a complaint is properly removed to federal court, the federal court's jurisdiction cannot be

*Tyler Kaspers, Esq. v. Comcast Corporation*                    Case No. 15-12066-BB

'ousted' by later events." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12

(11th Cir. 2009) (citation omitted; alterations in original).

The District Court correctly enforced the express terms of the parties'

arbitration agreement and compelled them to individual arbitration.  The February

26, 2013 Stay Order should be affirmed.

## II.    THE DISTRICT COURT CORRECTLY DISMISSED KASPERS' LAWSUIT AFTER HIS ARBITRATION WAS COMPLETED

Kaspers' entire argument against the Dismissal Order is that the District

Court ruled that he lacked standing to bring class claims as of April 9, 2015 (the

date of the Dismissal Order), but that the District Court should have measured his

standing as of the date he filed his complaint.  (Br. at 25-29).

But the Dismissal Order did not rule that he "lacks standing."  The District

Court did not analyze Kaspers' "standing" at all.  The word "standing" appears

nowhere in the Order, and Kaspers concedes that he did not raise "the standing

issue" in the District Court (*see* Br. at 28 n.7).  Rather, the District Court found that

it had "already considered and found [] that [Kaspers'] claims were subject to

individual arbitration under the agreement [Kaspers] executed with Defendant,"

and that it "already found that the class action waiver is not unconscionable."  (Tab

S at 2).  Accordingly, the court ruled that, "[g]iven that [Kaspers'] claims were

determined by the arbitrator and that [Comcast] paid [Kaspers] the award owed,

[Kaspers] retains no outstanding claim under this action against [Comcast] in an

*Tyler Kaspers, Esq. v. Comcast Corporation*                                    Case No. 15-12066-BB

individual or, potentially, class representative capacity." (*Id.*). In short, Kaspers *never* had "standing" to raise any class claims, because he contracted away any right to bring a class claim in any forum. His individual claims having been arbitrated, he has no claim left to be heard.

The District Court noted that "Plaintiff nonetheless argues, again, that the class action waiver . . . is inapplicable to this matter," but "does not, however, provide any support for this assertion." (*Id.*). Nor do any of Kaspers' Article III standing cases (*see* Br. at 26-27) support the proposition that, even after a court finds that he contractually waived the ability to assert class claims, he can nevertheless pursue those class claims because he complied with the same court's order to arbitrate his individual claims. Kaspers' argument would turn the Supreme Court's recent cases enforcing class-action waivers in arbitration agreements on their heads.

The District Court correctly denied Kaspers' motion, made after the completion of the parties' AAA arbitration, to remove the stay to pursue a class action, and correctly dismissed the lawsuit with prejudice. The Dismissal Order should be affirmed.

## CONCLUSION

For the forgoing reasons, this Court should affirm the District Court's orders: (1) compelling Kaspers to arbitrate his claims on an individual basis and

staying the action; and (2) denying Kaspers' motion to remove the stay after the

completion of the arbitration to pursue his claims as a class action, and dismissing

the lawsuit with prejudice.

Respectfully submitted,

WHITE & CASE LLP
Southeast Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, Florida  33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

*Attorneys for Defendant/Appellee Comcast
Corporation*

By:  /s/ Sheldon A. Philp
       Jaime A. Bianchi
       Florida Bar No. 908533
       jbianchi@whitecase.com
       David P. Draigh
       Florida Bar No. 624268
       ddraigh@whitecase.com
       Sheldon A. Philp
       Florida Bar No. 020123
       sphilp@whitecase.com

*Tyler Kaspers, Esq. v. Comcast Corporation*                    Case No. 15-12066-BB

## CERTIFICATE OF COMPLIANCE

This brief complies with the page limitation of Federal Rule of Appellate Procedure 32(a)(7)(A) because it does not exceed 30 pages.

This brief also complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements for Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally based typeface using Microsoft Word, 14-point Times New Roman.

/s/ Sheldon A. Philp
Sheldon A. Philp

## CERTIFICATE OF SERVICE

I hereby certify that on this  31st  day of July 2015, I served a copy of the foregoing Brief of Appellee, Comcast Corporation, via CM-ECF and UPS, upon Tyler B. Kaspers, Esq., Kaspers & Associates Law Offices LLC, 75 14th Street, Suite 2130, Atlanta, Georgia 30309.

/s/ Sheldon A. Philp
Sheldon A. Philp